IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FAITH N. NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 18-CV-00412-FJG |
| UNITED STATES DEPARTMENT OF | ) |
| EDUCATION, et al., | ) Case No. 18-CV-00528-FJG |
| | ) |
| Defendants, | ) |

**ORDER**

Pending before the Court is Defendant United States' Motion for Summary Judgment (Doc. No. 31).

**I.   Background/Facts[1]**

**1982 Promissory Note**

On May 5, 1982, Plaintiff signed a promissory note for a student loan in the amount of $2,500 with an interest rate at 9%. On May 1, 1983, Plaintiff defaulted on this loan. On January 20, 1984, the Missouri Department of Higher Education (MDHE) paid the default claim on the above loan and began sending communications to Plaintiff after the default claim payment. Over the course of 2 years, the MDHE sent the following communications: (1) On October 1, 1985, a Federal IRS offset Warning Notice; (2) On April 21, 1986, a State Tax Offset Warning Notice; (3) On June 21, 1986, a Repayment Acknowledgement and Default Billings Coupons; (4) On August 16, 1986, a 2nd DIMP Notice; (5) On August

---

[1] Plaintiff did not directly controvert any of Defendant's statements of fact. Therefore, the facts are taken from defendant's motion (Doc. No. 31) unless stated otherwise.

31, 1986, a Credit Bureau Default Notice; and (6) On January 31, 1987, an Annual Interest Letter.

Over the course of 1 year, Plaintiff only made one payment in the amount of $728.09 to the MDHE via a federal offset payment.[2] On November 16, 1986, the MDHE assigned the loan to the United States Department of Education (Education) at which time the remaining balance was $2,469.71 ($2,464.84 in principal and $4.87 in accrued interest).

### 1985 Promissory Note

On May 1, 1985, Plaintiff signed a promissory note for a student loan in the amount of $2,500 with an interest rate of 9%. On August 28, 1986, Plaintiff defaulted on the 1985 loan. On August 15, 1987, the Higher Education Foundation Program (HEAF) paid the default claim on the above loan. Over the course of 3 years, HEAF received payments totaling $2,055.70 via federal offsets of $1,074.64 and two additional offsets of $352.11 and $628.95. On May 25, 1993, the loan was assigned to Education at which time the remaining balance was $1,626.60 ($1,417 in principal and $208.76 in unpaid accrued interest).

### Education Correspondence for Both Notes

Over the course of 16 years, 1992-2008, Education mailed Plaintiff due process letters with the intent to collect the defaulted student loans via the Treasury Offset Program (TOP). The following payments were made within that time via federal offset programs: (1) On March 17, 2000, $826.91 via TOP; (2) On February 23, 2001, $1633.38 via TOP; (3) On May 16, 2003, $1073.00 via TOP; (4) On August 27, 2004, $115.81 via

---

[2] This offset payment (as well as the remaining offset payments referenced in this statement of facts) was taken from plaintiff's income tax refund.

TOP; (5) On February 10, 2006, $898.28 via TOP; (6) On August 18, 2006, $463.00 via TOP; (7) On September 25, 2009, $450.00 via TOP.

Beginning in December 2009 (well over twenty years after signing the promissory notes), plaintiff made nine voluntary rehabilitation payments of $96 per month until September 2010, when she completed rehabilitation, removing the loans from default status. Upon rehabilitation, the loans were assigned to be serviced by Great Lakes, and a total of $200 in payment via a voluntary rehabilitation payment was credited to the remaining balance on November 23, 2012.

On May 4, 2011, Plaintiff renewed her complaints regarding the loan status that the loans had been paid off and/or she had not incurred the loans. On or about January 11, 2015 and February 10, 2015, Plaintiff defaulted on her loans once again. On May 19, 2015 and June 23, 2015, the loans were placed with Education's Default Resolution Group (DRG) for servicing and collection. On May 21, 2015 and June 24, 2016, Education again contacted Plaintiff to inform her of the placement of her loans with Education. On August 18, 2015, Education notified Plaintiff her loans would once again be placed for collection in TOP if she did not make repayments. Education never received a response.

Plaintiff resumed objections to the collection of the debt, and Education responded on June 9, 2017 to her concerns. Over the course of the past year, Education only received one payment of $487.00, made October 25, 2017.

### Amounts Still Due

After all payments and offsets $3,548.31 is still owed on the first loan ($2761.88 in principal and $786.43 in unpaid accrued interest). After all payments and offsets, $5,103.55 is still owed on the second loan ($3,897.47 in principal and $1,206.08 in unpaid accrued interest). The total still due to the Education by Plaintiff is $8,651.86.

3

**Procedural History**

On or about December 12, 2017, Plaintiff filed a petition in Jackson County Circuit Court against MDHE and Education. On or about May 30, 2018, Education removed the case to federal court. On July 13, 2018, plaintiff filed a similar action, Case No. 18-0528, against MDHE and Education. On August 20, 2018, the Court consolidated both cases. On October 4, 2018, the Court entered its order granting MDHE's motion to dismiss. On December 17, 2018, Education filed the pending motion for summary judgment. Plaintiff did not file a timely response, so the Court issued an order to show cause on January 11, 2019. Plaintiff responded to the Court's order on January 28, 2019, indicating that the loans were paid off May 21, 1986, and that the MDHE and Education continue garnishing her income tax refunds. Plaintiff further indicated that she disagrees with what Education has said in its motion for summary judgment. She also provided a list of questions she was seeking to have answered. Plaintiff also attached many pages of documentation, none of which indicates that her loans were paid in full in 1986.

**II.     Standard**

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–90 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586–90.

A nonmoving party must establish more than "the mere existence of a scintilla of evidence" in support of its position. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

> The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (citations and quotations omitted).

### III. Discussion

Education indicates that plaintiff has failed to state a case upon which relief can be granted. Education notes that the loans are in default, and have not been paid in full at any time since they were transferred to Education in 1991.

Plaintiff in her Amended Complaint (Doc. No. 14, p. 3) indicates that the following federal statues, federal treaties, and/or provisions of the United States Constitution are at issue in this case: "My 14th Amended Rights (life, liberty/property -r- pursuit of happiness) have been violated; my federal income taxes is taken from me (illegally) and that my creditability -and- being black ball (sic)." Plaintiff further claims in her Amended Complaint (Doc. 14, p. 4) that the amount in controversy is the following: "My Federal income tax has been taking (sic) from me. Loans that have been paid since '1985.' Its been 32 years, the US Dept. of Ed. -n- Missouri Dept. of higher Education have been garnishing my Federal income tax check." Defendant argues all plaintiff's claims fail because plaintiff still owes money, justifying the collection efforts made by Education.

It is apparent from the documents supplied by both plaintiff and Education that plaintiff continues to owe money to Education, and that Education's continued efforts to collect that debt are justified. It appears that, over the 30+ years since she signed the promissory notes, plaintiff has rarely made payments toward her loan obligations, other than when amounts are taken from income tax refunds. Given the interest that has accrued over these many years of non-payment, it is unsurprising that plaintiff owes more money now than the original amounts of the loans, as much of the offset money has gone to pay accrued interest, not the loan principal. Defendant Education's motion for summary judgment is therefore granted.

**IV.    Conclusion**

Therefore, for the foregoing reasons, the motion for summary judgment (Doc. No. 31) is **GRANTED.** This case is dismissed.

The clerk's office is directed to send a copy of this Order to plaintiff at the following address: Faith N. Nelson, 7401 N.E. 110th Street, Kansas City, MO 64134.

**IT IS SO ORDERED.**

Date: February 26, 2019  /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri  Fernando J. Gaitan, Jr.
  United States District Judge